IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE E. ROSS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 24-CV-300-GLJ |
| | ) |
| DONALD J. MASTERSON, Deputy | ) |
| Sheriff; EDDIE MOORE, Deputy | ) |
| Sheriff; TIMOTHY NICHOLS, | ) |
| Deputy Sheriff, | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING INDIVIDUAL
DEFENDANTS' MOTION TO QUASH**

This matter comes before the Court on motion by Defendants Donald J. Masterson, Deputy Sheriff of Muskogee County Sheriff's Office ("MCSO") in his individual capacity, and Eddie Moore, Deputy Sheriff of MCSO in his individual capacity, to quash Plaintiff's Summonses and Service of Summonses in this case. For the reasons set forth below, the Defendants Masterson and Moore's Motion to Quash Service [Docket No. 15] is hereby GRANTED.

It is Plaintiff's burden to establish the validity of service as a precondition to suit. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (recognizing that the plaintiff has the burden of "establishing the validity of the service of process"); *see also Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) (recognizing that effective service is a "precondition to suit"). Under Fed. R. Civ. P. 4(e),

an individual may be served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Additionally, an individual may be served by following state law procedures for service, which are found for this case at 12 Okla. Stat. § 2004(C)(1)(c)(1). Oklahoma law requires "substantial compliance" with this statute. *See Graff v. Kelly*, 1991 OK 71 ¶ 20, 814 P.2d 489, 495 ("We conclude and so hold that the Oklahoma Pleading Code requires substantial compliance in order for the trial court to have jurisdiction over the person of the defendant.").

In this case, Plaintiff left copies of the Summonses and Complaint at MCSO. *See* Docket Nos. 18-19. Defendants' Counsel represent, however, that MCSO is not authorized by law to accept service on behalf of these defendants in their individual capacities. Plaintiff, proceeding pro se, contends she properly served these two defendants and that MCSO *is* an authorized agent because Masterson and Moore and employees or past employees and summons upon an employer or known employer is acceptable. The case law provided by Plaintiff in support of this allegation is either inapposite or unavailing. Because Plaintiff has not accomplished service pursuant to Fed. R. Civ. P. 4(e)(2), the question here is whether Plaintiff's attempt at service substantially complied with Oklahoma law for service. The Court finds she did not. "Under either federal law or state law, the plaintiff cannot perfect service by leaving a copy of the summons and complaint with someone other than the defendant at his place of employment." *Golden v. Dist. Att'y*,

2010 WL 2649842, at *1 (W.D. Okla. May 18, 2010), *report and recommendation adopted*, 2010 WL 2649861 (W.D. Okla. July 1, 2010) (citing 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1096 at 522 (3d ed. 2002) ("[S]ervice of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)." (citation omitted)); *Persaud v. Doe,* 2006 WL 1881664, at *8 (W.D. Okla. July 6, 2006) (unpublished op.) ("[S]ervice of the summons and complaint upon Defendant Williams' former employer does not satisfy the requirement of Rule 4(e)(2)."), *aff'd,* 213 Fed. Appx. 740 (10th Cir. Jan.24, 2007) (unpublished op.); *see also Hukill v. Oklahoma Native American Domestic Violence Coalition,* 542 F.3d 794, 800-802 (10th Cir.2008) (holding that the plaintiff had failed to substantially comply with the Oklahoma service of process statute when the summons and complaint were received by an employee at the defendant's place of employment by mail).

In sum, to Defendants Masterson and Moore's Motion to Quash Service [Docket No. 15] is hereby GRANTED.  Plaintiff shall be granted thirty (30) days in which to effectuate proper service of process on Defendants Masterson and Moore; failure to obtain proper service could result in the dismissal of this action.

**DATED** this 17th day of October, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**